WILSON v. UNITED TRACTION CO.

(Supreme Court, Appellate Division, Third Department.    May 20, 1904.)

1. STREET RAILROADS—COLLISION OF CAR WITH VEHICLE—NEGLIGENCE—SUFFI-
    CIENCY OF EVIDENCE.
    Evidence, in an action against a street railroad for personal injuries
    resulting from the collision of its car with a vehicle, examined, and held
    not to show negligence in defendant so as to sustain a verdict for plain-
    tiff.

Appeal from Trial Term, Rensselaer County.

Action by Henry J. Wilson against the United Traction Company. From a judgment in favor of plaintiff and from the denial of a motion for a new trial on the minutes, defendant appeals.    Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Patrick C. Dugan, for appellant.
Thomas F. Powers, for respondent.

CHASE, J.    The defendant maintains a double-track trolley railroad in Second street, in the city of Troy.    During the evening of the 3d day of March, 1902, the plaintiff was voluntarily assisting a driver of an express wagon in delivering express packages.    Such driver had two pieces of baggage to deliver at 305 Second street, and then his work in delivering packages for the day would be finished.    He drove south on Second street.    Plaintiff sat on the seat of the wagon with him. When they arrived at 305 Second street, they found a covered under-taker's wagon standing between the curb and the west track of the

defendant's road.  The driver turned his wagon west from the railroad track, immediately south of the undertaker's wagon, so that the horse was facing the south, and the wagon stood from the curb diagonally up the street, and from three to six feet from the undertaker's wagon. The distance from the curb to the west rail was 10½ feet.  The driver said he did not see a car approaching, and he further says, "I kind of glanced, and kind of thought in my own mind the car would clear me." He took a piece of baggage into the house, and the plaintiff, after standing a short time, pulled and lifted the remaining small piece of baggage to the wing of the wagon, and turned his back to the wagon, intending to take the piece of baggage on his shoulder, and, while so standing, one of the defendant's cars struck a rear wheel of the wagon, without injuring the wagon, but it resulted in some part of the wagon hitting the plaintiff, throwing him upon the sidewalk and causing the injury for which this action is brought.  The plaintiff did not pay any particular attention to the position of the wagon, and neither the plaintiff nor the driver of the wagon saw the collision.  It was dark, but the street was lighted.  The defendant's motorman testified that he was going south on Second street and saw the undertaker's wagon, but that there was nothing else in the street that could be seen until he reached a point about opposite the undertaker's wagon, and that then he saw the express wagon backing off from the curb.  He says he approached the undertaker's wagon at about six or seven miles an hour, and that he knew that he should be careful, and had put on his brake.  He says that as soon as the express wagon was in sight he stopped his car as quickly as it could be stopped, but not until it had struck the wheel of the wagon as stated.

The car did not strike the undertaker's wagon, and there is no evidence whatever that the express wagon was left standing where the same could be seen by the motorman when he was looking south past the undertaker's wagon, or that the same would have been hit if the horse had not backed the wagon further to the east just as the car approached it.  The testimony of the motorman stands wholly uncontradicted.  On the evidence before us, the judgment in favor of the plaintiff cannot be sustained.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.  All concur.